UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAHIRA ROMERO, on behalf of herself and
all others similarly situated,

                                11 CV 386 (CM)(RLE)

               Plaintiff,

   -against-

H.B. AUTOMOTIVE GROUP, INC., and
HAROLD BENDELL, individual,

               Defendants.
-------------------------------------------------------------X

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S  MOTION FOR CLASS CERTIFICATION PURSUANT TO SECTION 216(b) OF THE FLSA AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS PLAINTIFF'S CLAIM FOR UNPAID OVERTIME AS A SALESPERSON AND PLAINTIFF'S NEW YORK STATE LABOR LAW CLAIM FOR LIQUIDATED DAMAGES

JOSHUA MARCUS, ESQ. (JM 4250)
FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131

**TABLE OF CONTENTS**

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I:    PLAINTIFF'S CLAIMS FOR UNPAID OVERTIME ON BEHALF
            OF HERSELF AND ALL SALESPERSONS MUST BE DISMISSED
            BECAUSE THERE IS NO ISSUE SUCH EMPLOYEES ARE
            EXEMPT FROM OVERTIME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT II:   PLAINTIFF'S APPLICATION FOR CLASS CERTIFICATION
            PURSUANT TO THE FLSA IS OVERBROAD, NOT
            SUPPORTED BY THE EVIDENCE AND SHOULD BE DENIED . . . . . . . . . 6

POINT III:  PLAINTIFF'S COLLECTIVE ACTION PURSUANT TO
            FED. R. CIV. P. 23 IS IMPROPER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            A.    Numerosity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

            B.    Commonality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

            C.    Typicality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

            D.    Adequacy of Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

            E.    Fed. R. Civ. P. 23(b)(3) Requirements . . . . . . . . . . . . . . . . . . . . . 19

                  1.    Plaintiff Cannot Demonstrate that Common Questions
                        of Law and/or Fact Dominate over Individual Claims . . . . . . . . 20

                  2.    Plaintiff Cannot Demonstrate Superiority . . . . . . . . . . . . . . . . . 22

POINT IV:   PLAINTIFF'S CLAIM FOR LIQUIDATED DAMAGES PURSUANT
            TO NEW YORK STATE LAW MUST BE DISMISSED . . . . . . . . . . . . . . . 23

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231,
138 L. Ed.2d 689 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Baffa v. Donaldson, Lufkin & Janrette Sec. Corp.*, 222 F.3d 52 (2d Cir. 2000) . . . . . . . . . . 17, 18

*Barfield v. N.Y. City Health and Hospitals Corp.*, 2005 U.S. Dist. Lexis 28884
(S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bolanas v. Norwegian Cruise Lines, Ltd.*, 212 F.R.D.144 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . 22

*Caridad v. Metro-North Commuter Railroad*, 191 F. 3d 283 (2d Cir. 1999),
*cert. denied*, 529 U.S. 1107, 120 S. Ct. 1959, 146 L. Ed.2d 791 (2000) . . . . . . . . . . . . . 13

*Carter v. Newsday*, 76 F.R.D. 9 (E.D.N.Y. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. Lexis 73853 (S.D.N.Y. 2007) . . . . . . . . . . 24

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995)
*cert. denied*, 51 U.S. 1122, 115 S. Ct. 2277, 132 L. Ed.2d 281 (1995) . . . . . . . . . . . . . . 14

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp.2d 628 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . 6

*Damahassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . 22

*Davidson v. Yeshiva University*, 555 F. Supp. 75 (S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . 13

*Davis v. Lenox Hill Hospital*, 2004 U.S. Dist. Lexis 17283 (S.D.N.Y. 2004) . . . . . . . . . . . . . . 16

*Diaz v. Electronics Boutique of America, Inc.*, 2005 U.S. Dist. Lexis 30382
(W.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16, 18

*Drybach v. Florida Dep't of Correc.*, 942 F.2d 1562 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . 12

*Flores v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. Lexis 11378 (S.D.N.Y. 2006) . . . . . . . . 7, 8, 9

*Gorey v. Manheim Servs. Corp.*, 2010 U.S. Dist. Lexis 141868 (S.D.N.Y. 2010) . . . . . . . . . . 24

*Harris v. Initial Sec., Inc.*, 2007 U.S. Dist. Lexis 18397 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . 14

*Hendricks v. J. P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78 (D. Conn. 2009) . . . . . . . . . . 21, 23

*Hoffmann v. Sbarro Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hunter v. Sprint Corp.*, 346 F. Supp.2d 113 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Iglesias-Mendoza v. La Belle Farm Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) . . . . . . . . . . . . . 22, 23

*J.R.J. Enterprises v. M/V Cap Ortegal*, 2009 U.S. Dist. Lexis 55769 (S.D.N.Y. 2009) . . . . . . . 12

*Levinson v. Primedia, Inc.*, 2003 U.S. Dist. Lexis 20010 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . 9

*Marachak v. Observer Publications, Inc.*, 493 F. Supp. 278 (D.R.I. 1980) . . . . . . . . . . . . . . . . 15

*Mechigian v. Art Capital Corp.*, 612 F. Supp. 1421 (S.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . 19

*Moore v. Pane Webber, Inc.*, 306 F.3d 1247 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Morales v. Plantworks, Inc.*, 2006 U.S. Dist. Lexis 4267 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . 7, 9

*Morisky v. Public Service Electric and Gas Co.*, 111 F. Supp.2d 493
    (D.N.J. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 21

*Myers v. The Hertz. Corp.*, 624 F.3d 537 (2d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Myers v. The Hertz Corp.*, 2007 U.S. Dist. Lexis 53572 (E.D.N.Y. 2007),
    *aff'd* 624 F.3d 537 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 23

*National Auto Brokers Corp. v. General Motors Corp.*, 376 F. Supp. 620
    (S.D.N.Y. 1974), *aff'd*, 572 F.2d 953 (2d Cir. 1978), *cert. denied*,
    439 U.S. 1072, 59 L. Ed.2d 38, 99 S. Ct. 844 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Paneto v. Motor Car Concepts II, Inc.*, 2007 U.S. Dist. Lexis 6915 (M.D. Fla. 2007) . . . . . . . . 5

*Paxton v. Union Nat'l Bank*, 688 F.2d 552 (8th Cir. 1982), *cert. denied*,
    460 U.S. 1083, 103 S. Ct. 1772, 76 L. Ed.2d 345 (1983) . . . . . . . . . . . . . . . . . . . . . . . 17

*Powers v. Centennial Communications Corp.*, 679 F. Supp.2d 918 (N.D. Ind. 2009) . . . . . . . . 10

*Prizmic v. Armour, Inc.*, 2006 U.S. Dist. Lexis 42627 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . 7, 8

-ii-

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001) . . . . . . . . . . . . . . . 14

*Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 2011 U.S. Dist. Lexis 126634
  (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

 *Rossini v. Oglivy & Mather, Inc.*,  798 F.2d 590 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Sam Jin World Trading, Inc. v. M/V Cap San Nicolas*, 2010 U.S. Dist. Lexis 65963
  (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Scott v. New York City District Counsel of Carpenters Pension Plan*,
  224 F.R.D. 353 (S.D. N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Smith v. Sovereign Bankcorp, Inc.*, 2003 U.S. Dist. Lexis 21010 (E.D. Pa. 2003) . . . . . . . . . . . 7

*Stubbs v. McDonald's Corp.*, 227 F.R.D. 661 (D. Ka. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Summa v. Hofstra Univ.*, 2008 U.S. Dist. Lexis 62591 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . 7

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196,
  (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Theriauklt v. WM & B, LLC*, 2006 U.S. Dist. Lexis 98556 (S.D. Tex. 2006) . . . . . . . . . . . . . . 12

*Trief v. Dunn & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . 19

*Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. Lexis 709 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . 22

*Vengurlekar v. Silverline Tech., Ltd.*, 220 F. R. D. 222 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . 8, 15

*Walmart Stores, Inc. v. Visa USA, Inc.* 280 F.3d 124 (2d Cir. 2001),
  *cert. denied*, 536 U.S. 917, 122 S. Ct. 2382, 153 L. Ed.2d 201 (2001) . . . . . . . . . . . . . . 13

*Williams v. Skyline Automotive, Inc.*, 2011 U.S. Dist. Lexis 131090 (S.D.N.Y. 2011) . . . . . . . . 5

## Federal Statutes, Rules and Regulations

28 U.S.C. § 1746 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fair Labor Standards Act, 29 U.S.C. § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 207(i)(2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

29 U.S.C. § 213(b)(10)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 11

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 20

Fed. R. Civ. P. 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20, 22

29 C.F.R. § 541.200 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

29 CF.R. § 779.372(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## State Laws and Regulations

NY CPLR § 901(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

New York Labor Law § 655(5)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12 N.Y.C.R.R. § 142-2.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## Treatises

5 James Wm. Moore, *et al.*, Moore's Federal Practice, § 23.60[2] . . . . . . . . . . . . . . . . . . . . . . 13

**INTRODUCTION**

Plaintiff has moved for conditional certification on behalf of all employees employed at Defendants H.B. Automotive Group, Inc. (hereinafter "HB"),  pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and pursuant to the Federal Rules of Civil Procedure.  Plaintiff's motion is predicated upon her assertion that Defendants have a common plan or practice not to pay its employees overtime or minimum wage even though Plaintiff's motion papers merely show that salespersons were not paid overtime.  Yet, this claim is futile in that <u>salespersons at automobile dealerships are exempt from the FLSA and the New York State Labor Law</u>, and Plaintiff in her motion and affidavit has acknowledged that while she was employed as a salesperson, she performed duties which would qualify her for the salesperson exemption.  Accordingly, Plaintiff has admitted that she was exempt from overtime.

While there is a question as to whether Plaintiff was properly classified as exempt during her time as an inventory manager, Plaintiff's claim that there was a common plan or practice by HB to deny its non-salesperson employees overtime and minimum wage also fails.  Plaintiff offers no proof that there was a common plan by HB to deny its employees minimum wage. Further, Plaintiff's allegation that HB has a common plan or practice to deny all employees overtime also fails because Plaintiff's contention is based solely upon time records showing that certain employees worked over forty hours.  Yet, a cursory review of HB's pay records reflects that employees other than salespersons <u>were actually paid overtime, including most of the weeks identified by Plaintiff</u>.

Even if Plaintiff could demonstrate a common practice or plan existed to deny all employees overtime, Plaintiff's motion fails to meet the commonality and typicality requirements and fails to identify any common question of law or fact that applies to the purported class as

required by Rule 23.

Finally, Defendants cross-move to dismiss Plaintiff's state law claims for liquidated damages since a party maintaining a class action for state wage claims may not seek liquidated damages.

## FACTS

HB, d/b/a Bronx Kia, is an automobile dealership that is engaged in the business of selling new and used Kia automobiles. See Affidavit of Christine Sanchez, dated December 2, 2011, ¶ 3; Plaintiff's Complaint annexed to the Affirmation of S. Tito Sinha (hereinafter "Sinha Aff.") dated November 4, 2011, as Ex. 1, ¶ 8. It maintains offices at 3820 Boston Post Road. *Id.* HB does not manufacture cars at its site, but rather sells new and used Kia automobiles to the general public and also services such cars. *Id.* HB, an automobile dealership, employs persons in numerous different positions. *Id.*, ¶ 4.

Plaintiff, Jahira Romero, was employed by HB from approximately June 2009 through November 2010. See Affidavit of Jahira Romero, dated April 24, 2011 (hereinafter "Romero Aff."), annexed as Exhibit 3 of the Affirmation of S. Tito Sinha (hereinafter "Sinha Aff.") dated November 4, 2011, ¶¶ 1, 18. Plaintiff was initially employed as a salesperson, where she was responsible for selling new Kia automobiles. Romero Aff., ¶ 4; Plaintiff's Complaint, ¶ 25, annexed to the Sinha Aff. as Ex. 1. Plaintiff received a salary and commission as a salesperson. Romero Aff., ¶ 6. In or about December 2009, she was transferred to the position of Inventory Manager. *Id.*, ¶ 9. As Inventory Manager, Ms. Romero was responsible for keeping inventory of automotive goods. *Id.*, ¶ 10. Plaintiff received $11.00 an hour as Inventory Manager. See Romero Aff., ¶ 14.

2

In its supplemental motion papers, Plaintiff asserts that upon reviewing Defendants' records, it has identified sixty-seven persons who were not paid overtime. See Plaintiff's Memo, p. 5; Sinha Aff., Ex. 2.  This is a false and misleading statement.  It appears Plaintiff has merely identified sixty-seven employees who worked over forty hours a week.  Rather, an analysis of the sixty-seven employees reveals that forty-eight of the employees identified as not receiving overtime are salespersons. Sinha Aff., Ex. 2.  Defendants acknowledge that they have a common policy of not paying salespersons overtime, since such employees are exempt from overtime.  See Sanchez Aff., ¶ 6.  Of the remaining nineteen employees identified by Plaintiff as not having received overtime, four have been identified as office staff, five have been identified as porters and ten were identified as "unidentified non managerial." Id., Sinha Aff., ¶ 2.[1]  However, most of the non-managerial employees that were identified by Plaintiff actually received overtime pay. Sanchez Aff., ¶¶ 11-23; Exs. A-M. Of the remaining employees, four were engaged in sales, one was a partsman and one was an office manager, all of whom were classified as exempt from overtime. See Sanchez Aff., ¶ 24.  Further, of the remaining employees who Plaintiff claims they could not identify as having worked overtime or not, many of those employees were actually paid overtime. See Sanchez Aff., ¶ 25, Ex. N.[2]  Accordingly, while there may be an issue as to whether

---

[1]     Most of the wage records identified in the Sanchez Affidavit were provided by Defendants in Defendants' initial production of eighteen hundred pages of wage and hour records. However, upon Plaintiff's motion, Defendants realized that some time records were inadvertently not produced. Such records, which are identified as Bates Stamped documents 2057-2102, have been subsequently produced by Defendant and certain pages of that production are annexed to the Sanchez Affidavit. For purposes of this submission, Defendants have made applicable redactions to the wage records to avoid disclosures of personal information such as full names, addresses and social security numbers of the employees.

[2]     Further, during certain weeks of employment, there were specific instances where an employee who did not clock out for lunch had a ½ hour deducted from their pay or there was a

Plaintiff was improperly classified as exempt in her job duties as an inventory manager, HB does not have a common plan or practice to deny its non-exempt employees overtime.

## POINT I

### PLAINTIFF'S CLAIMS FOR UNPAID OVERTIME ON BEHALF OF HERSELF AND ALL SALESPERSONS MUST BE DISMISSED BECAUSE THERE IS NO ISSUE SUCH EMPLOYEES ARE EXEMPT FROM OVERTIME

The majority of employees (48) claimed by Plaintiff as having failed to receive overtime are salespersons. See Sinha Aff., Ex. 2. Yet, it does not appear that there is any issue of fact that such employees are exempt from overtime pursuant to the FLSA and New York State Labor Law. Section 13(b)(10)(A) of the FLSA, 29 U.S.C. § 213(b)(10)(A), exempts from overtime "any salesman, partsman or mechanic primarily engaged in selling or servicing automobiles . . . employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers" (emphasis added).[3] Thus, to establish the affirmative defense contained in 29 U.S.C. § 213(b)(10)(A) the defendant must establish that: 1) plaintiff was a salesperson and that 2) defendant's business must be a nonmanufacturing

---

timecard irregularity which explains why overtime was not paid a certain week. See Sanchez Aff., ¶¶ 7, 23.

[3]    In fact, the New York Labor Law does not expressly codify a right to overtime. Rather, New York Labor Law § 655(5)(b) gives the New York Department of Labor Wage Board the power to issue wage orders. In turn, the Wage Board issued an order concerning overtime (12 N.Y.C.R.R. § 142-2.2) which states that:

> An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Sections 7 and 13 [29 U.S.C. §§ 207 and 213] of the Fair Labor Standards Act of 1939, as Amended, provided the exemptions set forth in Section 13(a)(2) and 13(a)(4) shall not apply.

Accordingly, New York law follows the exemption contained in 29 U.S.C. § 213(b)(10)(A).

4

establishment engaged in the business of selling automobiles.  See e.g., *Paneto v. Motor Car Concepts II Inc.*, 2007 U.S. Dist. Lexis 6915 * 8 (M.D. Fla. 2007).  From the face of Plaintiff's complaint and her affidavit, Defendants can conclusively establish both elements.

Plaintiff herein admits that as a salesperson, and further asserts that in her job duties as a salesperson, she was responsible for "the selling of cars" and that she was "primarily responsible for selling automobiles to Defendants' customers."  See Romero Aff., ¶ 4; Plaintiff's Complaint, ¶ 28, annexed to the Sinha Aff. as Exhibit 1.  By Plaintiff's own admission, it is clear she meets the criteria for a salesperson pursuant to the FLSA.  Pursuant to Section 13(b)(10) of the FLSA, a salesman is defined as "an employee who is employed for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for sales of automobiles. . . which the establishment is primarily engaged in selling."  See 29 C.F.R. § 779.372(c)(1).[4]

Further, Plaintiff in her Complaint asserts that Defendant "is a chain of automobile retail and repair stores that operates at various locations throughout the City of New York."  Sinha Aff., Ex. 1, ¶ 8; see Sanchez Aff., ¶ 3.  Thus, Plaintiff's own assertions acknowledge that she, like other salespersons, would have qualified for the exemption from overtime because Defendant was a nonmanufacturing establishment primarily engaged in the business of selling cars to ultimate

---

[4]      Defendants believe that Plaintiff may cite *Williams v. Skyline Automotive, Inc.*, 2011 U.S. Dist. Lexis 131090 * 15-6 (S.D.N.Y. 2011) on reply.  In *Williams*, upon the employer's motion to dismiss plaintiff's complaint made by a mechanic on the basis that his complaint demonstrated that plaintiff was not entitled to overtime, the Court denied the motion on the basis that even though the plaintiff identified himself as a "mechanic" in his complaint, he did not address his job duties in such position and, accordingly, there was still an issue of fact as to whether he performed the job duties of a mechanic.  Yet, herein Plaintiff through her complaint and her own subsequent affidavit has averred that she was primarily engaged in selling cars when she held the position of salesperson.  See Romero Aff., ¶ 4; Sinha Aff., Ex. 1, ¶ 28.

purchasers, and as a salesperson she primarily engaged in selling such automobiles.  Accordingly,

Plaintiff's claims for unpaid overtime as a salesperson and on behalf of all salespersons should be

dismissed because there is no issue of fact that salespersons, including Plaintiff during her

employment as a salesperson, were exempt from overtime.

## POINT II

### PLAINTIFF'S APPLICATION FOR CLASS CERTIFICATION PURSUANT TO THE FLSA IS OVERBROAD, NOT SUPPORTED BY THE EVIDENCE AND SHOULD BE DENIED

Section 216(b) of the FLSA permits a plaintiff to bring an action on behalf of himself, and

on behalf of all similarly situated employees, to assert overtime and minimum wage claims.  In

determining whether a suit may proceed as a collective action:

> [c]ourts typically undertake a two-stage review . . . As a first step, the court examines pleadings and affidavits, and if the court finds that the proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in this action.

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp.2d 628, 632 (S.D.N.Y. 2007) (granting conditional

certification where defendant's foreman admitted all carpenters worked under similar conditions

and were paid in a similar manner, but noting that plaintiff's affidavit which contained

uncorroborated statements regarding other employee's working conditions was by itself

insufficient).  Upon the completion of discovery, the Court will review the evidence "to determine

whether there is a sufficient basis to conclude that the proposed class members are similarly

situated," and if they are not "the class is decertified, the claims of the opt-in plaintiffs are

dismissed with prejudice, and the class representative may proceed on his or her own claims."

6

*Id.*[5]

The FLSA does not set forth a definition of "similarly situated," but courts in this circuit have held that a plaintiff can meet this burden by "making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. Lexis 42627 * 5 (E.D.N.Y. 2006); *Morales v. Plantworks, Inc.*, 2006 U.S. Dist. Lexis 4267 * 3-4 (S.D.N.Y. 2006); *Summa v. Hofstra Univ.*, 2008 U.S. Dist. Lexis 62591 * 6-7 (E.D.N.Y. 2008); *Smith v. Sovereign Bankcorp, Inc.*, 2003 U.S. Dist. Lexis 21010 * 5-6 (E.D. Pa. 2003). Accordingly, the plaintiff need only "demonstrate a 'factual nexus' between his or her situation and the situation of other current and former employees." *Hoffmann v. Sbarro Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). However, the plaintiff must establish evidentiary facts showing a common policy or plan rather than "conclusory allegations," and courts will deny applications for certification where sufficient proof is not set forth. *Morales, supra,* 2006 U.S. Dist. Lexis 4267 at * 6-7.

As an initial matter, Plaintiff has failed to define a class of similarly situated employees at HB. Plaintiff merely asserts that all employees of HB were subject to a common policy or plan of HB not to pay overtime and/or minimum wage even though Plaintiff acknowledges that different HB employees performed different job functions and had different job titles. See Plaintiff's Memorandum of Law, p. 10. This is palpably improper. See e.g, *Flores v. Osaka Health Spa,*

---

[5]     Herein, it should be noted that by Your Honor's Order dated July 25, 2011, Plaintiff was given ample time to conduct discovery. Accordingly, Defendants believe that this matter should be analyzed using the more rigorous second standard. As set forth below, since Plaintiff's purported class contains numerous persons holding different job titles than Plaintiff, Plaintiff cannot assert that such employees are "similarly situated." However, even if the more lenient first step is used for analysis, as set forth below Plaintiff cannot demonstrate a common policy or plan that violated the FLSA.

*Inc.*, 2006 U.S. Dist. Lexis 11378 * 7-8 (S.D.N.Y. 2006) (denying class certification where

plaintiff is unable to properly identify a class of similarly situated employees but rather merely

identifies all employees); see also, *Prizmic* supra,, 2006 U.S. Dist. Lexis 42627 at * 9-10

(denying class certification where plaintiff did not consistently define the universe of similarly

situated employees and instead sought conditional certification for all installation installers in his

complaint but subsequently moved for conditional certification for all employees even though

there was no evidence of a common policy or plan). Herein, Plaintiff unfairly lumps different

classifications of employees without any consideration as to whether those employees performed

any jobs which were similar to the jobs performed by Plaintiff. Plaintiff does not even consider

that other employees may have been paid in a different manner than Plaintiff. In fact, Plaintiff

acknowledges she was paid in a different manner when she was employed as a salesperson than

when she was employed as an inventory manager. See Romero Aff., ¶¶ 6, 14.

Further, Plaintiff's attempt to proceed as a collective action on behalf of all salespersons is

improper. While Defendants do not dispute that it does not pay its salespersons overtime, as set

forth in Point I *infra*, Plaintiff has acknowledged that when she was employed as a salesperson she

performed the duties of a salesperson, and by her own complaint and affidavit she has

acknowledged that she is exempt from overtime. Plaintiff has also offered no evidence that other

salespersons performed different job duties from Plaintiff. Since Plaintiff fails to assert a valid

overtime claim on her own behalf as a salesperson, she cannot represent the class in a putative

collective action. See e.g., *Vengurlekar v. Silverline Tech., Ltd.*, 220 F.R.D. 222, 230 (S.D.N.Y.

2003) (denying FLSA collective action brought by computer programmers on behalf of all other

employees who did not receive overtime because plaintiffs were exempt from the overtime

8

requirements of the FLSA).

Moreover, Plaintiff has not demonstrated that a common plan or policy existed where

Plaintiff failed to pay employees minimum wage or overtime. Plaintiff's Memo, p. 10. Plaintiff

has failed to offer <u>any proof</u> that there was a common plan not to pay minimum wage other than

Plaintiff's conclusory allegations. See Sinha Aff., Exs. 1 and 3. In similar cases, where bare

conclusory allegations are made in support of a claim for a collective action, courts have denied

those applications. See *Barfield v. N.Y. City Health and Hospitals Corp.*, 2005 U.S. Dist. Lexis

28884 * 3 (S.D.N.Y. 2005) (denying conditional certification where the plaintiff alleged that other

nurses were not paid overtime which was not based upon any facts but rather were based on

hearsay statements by the plaintiff); *Levinson v. Primedia, Inc.*, 2003 U.S. Dist. Lexis 2010

(S.D.N.Y. 2003) (denying class certification where the plaintiffs merely alleged that the plaintiffs

were not paid minimum wage or overtime, but there was no factual evidence other than mere

conjecture contained in the plaintiffs' affidavits that other employees were subject to the same pay

policies); *Flores*, supra, 2006 U.S. Dist. Lexis 11378 at * 7-8 (denying conditional certification

where the plaintiff alleged in an affidavit that as a massage therapist she worked a twelve-hour

shift without overtime, she had her tips confiscated by management, and she understood that other

massage therapists were subjected to the same treatment and policies on basis plaintiff offered

nothing of evidentiary value to support finding that a factual nexus existed between the way

plaintiff and the other employees were compensated); *Morales*, 2006 U.S. Dist. Lexis 4267 at * 6-

7, *supra*, (denying class certification where three plaintiffs had set forth proof that each of the

plaintiffs were not paid overtime and stated that they believed twenty additional unnamed workers

were not paid overtime because there was no proof supporting such common scheme or plan that

other employees were not paid overtime).

Plaintiff has also failed to assert sufficient proof that there was a common plan not to pay any employees overtime. Despite Plaintiff's claims that non-salespersons were not paid overtime, Defendants' actual pay records reflect that the non-salespersons <u>were</u> paid overtime for most weeks in question. See Sanchez Aff., ¶¶ 11-23; Exs. A-N. Thus, while there is an issue whether Plaintiff was misclassified as exempt from overtime as an inventory manager, there was no common plan to deny <u>all</u> employees overtime, as alleged by Plaintiff.[6]  Moreover, to the extent Plaintiff seeks to find specific isolated instances where a putative plaintiff may not have received overtime, that would not be a basis for establishing a collective action. See e.g., *Powers v. Centennial Communications Corp.*, 679 F. Supp.2d 918, 921-22 (N.D. Ind. 2009) (noting that a demonstration of pay irregularities where an employee did not receive overtime does not establish a common scheme or plan not to pay overtime).

Other employees who perform different jobs than Plaintiff are exempt pursuant to the FLSA. Mechanics would be exempt from overtime pursuant to the FLSA, as well as all other salespeople and parts employees. 29 U.S.C. § 213(b)(10)(A). Likewise, administrative employees are exempt pursuant to the FLSA. See 29 C.F.R. § 541.200 (2011). Further, salespersons may also be exempt pursuant to the retail sales exemption found in 29 U.S.C. § 207(i)(2011) of the FLSA.[7]  Thus, in considering these exemptions, the Court would be required

---

[6]     Defendants do not object to Plaintiff proceeding on behalf of all inventory managers. However, since Plaintiff was the only inventory manager employed by Defendants, a collective action is futile. See Sanchez Affidavit, ¶ 26.

[7]     29 U.S.C. § 207(i)(2011) exempts employees in a retail or service establishment who receive one and a half tines the minimum hourly rate applicable, and received more than half of their compensation for a representative period (of not more than one month) from commissions on goods or services.

to undergo a rigorous analysis as to the differing job functions. This establishes that such employees are not "similarly situated." Herein, Plaintiff asserts that she performed as a salesperson and as an inventory manager at different times.  See Romero Aff., ¶¶ 4, 9.  Yet, Plaintiff offers no argument or support as to how her job was similar to other employees who worked at HB who had different titles or performed different job duties, such as mechanics, receptionists, counter persons, service cashiers, service writers or managers.  This is clearly improper as Plaintiff's overbroad inclusion of all employees raises a substantial risk that this Court would be required to make an individualized analysis of each potential class member's actual job duties to determine if the employee is exempt from the FLSA.  See e.g., *Diaz v. Electronics Boutique of America, Inc.*, 2005 U.S. Dist. Lexis 30382 * 12-19 (W.D.N.Y. 2005) (denying conditional certification of action brought by store managers and assistant store managers where court would have to undergo an individualized analysis of each employee's job duties); *Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 2011 U.S. Dist. Lexis 126634 * 23 (E.D.N.Y. 2011) (limiting collective action to positions actually held by plaintiff or to the opt-in plaintiffs but not to all non-managerial employees as initially requested by plaintiff). *Hunter v. Sprint Corp.*, 346 F. Supp.2d 113, 118 (D.C. Cir. 2004) is particularly instructive.  In that case, the plaintiff sought to bring a collective action on behalf of employees in the company's internet services assurance group.  *Id.* The court noted that since the employer treated employees in the group differently and treated some as exempt and some as non-exempt based upon job duties, the plaintiffs who were classified as non-exempt were not able to assert a collective action on behalf of the exempt classified employees. *Id.* at 120.  Notably, the Court noted that it could not find one case in which a court found a classified non-exempt employee to be similarly situated to a classified exempt

employee. *Id.*  Accordingly, similarly herein Plaintiff's claims for FLSA certification must be denied because Plaintiff cannot assert a collective action on behalf of all employees regardless of whether they are classified as exempt or non-exempt.

Further, Plaintiff's motion for a collective action fails because there has been no showing that there are any additional employees who desire to opt-in to the suit. See *Drybach v. Florida Dep't of Correc.*, 942 F.2d 1562, 1567-8 (11th Cir. 1991); *Theriauklt v. WM & B, LLC*, 2006 U.S. Dist. Lexis 98556 * 7-8 (S.D. Tex. 2006).  Herein, Plaintiff filed suit on or abut January 14th and filed its initial motion on or about April 2011.  Yet, tellingly, since such time not one person has sought to join this action.[8]  Accordingly, Plaintiff's motion to proceed as a collective action should be denied.

## POINT III

### PLAINTIFF'S COLLECTIVE ACTION PURSUANT TO FED. R. CIV. P. 23 IS IMPROPER

Plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23 is improper because Plaintiff has failed to assert almost all of the required elements to permit class certification

---

[8] Plaintiff also provides the unsigned affidavit of Isaias Guzman-Tavarez and the affidavit of Ana Guevara, a paralegal for Plaintiff's attorney, which recites verbatim the allegations contained in Guzman-Tavarez's affidavit. See Sinha Aff., Ex. 4.  However, an unsigned affidavit, not signed under penalty of perjury, is defective in form, inadmissable and cannot be considered as evidence for purposes of a motion. See *Sam Jin World Trading, Inc. v. M/V Cap San Nicolas*, 2010 U.S. Dist. Lexis 65963 * 10 (S.D.N.Y. 2010); *J.R.J. Enterprises v. M/V Cap Ortegal*, 2009 U.S. Dist. Lexis 55769 *10 n. 4 (S.D.N.Y. 2009); see also 28 U.S.C. § 1746 (stating that a declaration must be signed and sworn under penalty of perjury).  Plaintiff's attempt to get around this issue by submitting an affidavit from Plaintiff's counsel's paralegal is an obvious attempt to commit an end run around the requirements that an affidavit or declaration must be sworn to and signed. Further, as demonstrated by Defendants' wage and hour records, there is no common plan or practice for failure to pay overtime. Accordingly, the affidavits of Mr. Guzman-Tavarez and Ms. Guevara should be given no consideration and should be stricken.

pursuant to Fed. R. Civ. P. 23. Plaintiff's claims fail because Plaintiff has failed to demonstrate commonality, typicality, adequacy of representation or the standards required by Fed. R. Civ. P. 23(b)(3). A party seeking class certification pursuant to Fed. R. Civ. P. 23 must demonstrate that the proposed class meets the four requirements set forth in Rule 23(a) as well as one of the requirements set forth in Fed. R. Civ. P. 23(b). See *Walmart Stores, Inc. v. Visa USA, Inc.*, 280 F.3d 124, 132-3 (2d Cir. 2001), *cert. denied*, 536 U.S. 917, 122 S. Ct. 2382, 153 L. Ed.2d 201 (2001). Rule 23(a) permits class members to act as class representatives only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). The party seeking class certification has the burden of demonstrating that Rule 23's requirements are satisfied by a preponderance of the evidence. *Caridad v. Metro-North Commuter Railroad*, 191 F.3d 283, 291 (2d Cir. 1999), *cert. denied*, 529 U.S. 1107, 120 S. Ct. 1959, 146 L. Ed.2d 791 (2000); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). In determining class certification, the district court must conduct a "rigorous analysis" to determine whether or not Rule 23's requirements have been met. Thus, courts will not grant class certification upon the mere recital of conclusory allegations. See e.g., *Davidson v. Yeshiva University*, 555 F. Supp. 75, 77-8 (S.D.N.Y. 1982) ("When the plaintiff fails to aver, much less establish any facts to support his conclusion of numerous injuries, the class action request should be dismissed"); 5 James Wm. Moore, *et al.*, Moore's Federal Practice, § 23.60[2]("A class action must satisfy each of the requirements of Rule 23, and the plaintiff must plead more than a simple reiteration of those

13

requirements in conclusory allegations.  Instead, the plaintiff should allege facts demonstrating that all of the requirements for bringing a class action are fulfilled.")

    A. Numerosity

To establish numerosity, Plaintiff must establish that the numerosity makes joinder of all class members impracticable.  See *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).  A class comprised of more than forty members generally satisfies numerosity, *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) *cert. denied*, 51 U.S. 1122, 115 S. Ct. 2277, 132 L. Ed.2d 281 (1995).  Herein, Plaintiff has alleged that the purported class defined by Plaintiff would include forty or more persons.  See Plaintiff's Memo of Law, p. 14.  While Defendants do not dispute that Plaintiff meets such threshold for the reasons set forth herein, Plaintiff's purported class only meets such threshold because Plaintiff's purported class is improperly defined as set forth herein.

    B.     Commonality

The commonality requirements of Rule 23(a) require a plaintiff to show that the action raises an issue of law or fact that is common to the proposed class.  See *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001).  Claims are typical "when each class member's claim arise from the same course of events, and each class member makes similar legal arguments to prove the [defendants'] liability." *Harris v. Initial Sec., Inc.*, 2007 U.S. Dist. Lexis 18397 * 13-4 (S.D.N.Y. 2007).

However, Plaintiff has defined the class as  "all non-managerial employees who were required to work in excess of forty (40) hours per week and were not paid overtime and were not paid the statutory mandated minimum rate of pay as was the policy and practice of Defendants."

See Plaintiff's Memo, p. 2. Further, Plaintiff asserts that there are common questions of law and fact as to: (i) whether Class Plaintiffs were scheduled to work and/or required to work in shifts of approximately eleven (11) hours per day, five (5) days per week; (ii) whether Class Plaintiffs were compensated for overtime pay pursuant to Defendants' pay policies; (iii) whether Defendants failed to pay Class Plaintiffs for the hours worked in excess of forty (40) hours; (iv) whether Class Plaintiffs were compensated at a rate less than the statutorily required minimum hourly rate of pay; (v) whether Defendants kept accurate records of hours worked by Class Plaintiffs;[9] and (vi) whether Defendants have any affirmative defenses for any of these claims." See Plaintiff's Memo, p. 15. Yet, Plaintiff herein has failed to demonstrate any factual basis for her claims that other employees were subjected to a common plan where all employees were required to work shifts of eleven hours a day, five days a week, a common plan to not pay minimum wage, or there was a common plan not to keep accurate records.[10] In fact, a cursory review of the summaries provided by Plaintiff demonstrates that different employees worked different hours during the week. Sinha Aff., Ex. 2. The only factual proof Plaintiff has submitted are summaries showing that certain employees were not paid overtime during portions of their employment. Yet, Plaintiff's proof that a common plan to deny employees overtime is shattered by the fact that the employees Plaintiff

---

[9]     Since there is no private right of action for failure to maintain records, there is no right to a collective action on such basis. See *Vengurlekar v. Silverine Technologies, Ltd.*, 220 F.R.D. 222, 230 n. 8 (S.D.N.Y. 2003) citing *Marachak v. Observer Publications, Inc.*, 493 F. Supp. 278, 281 (D.R.I. 1980) (noting no private right of action for failure to maintain records exists).

[10]     Plaintiff also alleges that other non-managerial and non-commissioned employees "worked similar hours to mine and were not compensated at the legally mandated overtime rate for hours worked per week in excess of forty (40)." Romero Aff., ¶ 16. Yet, as with Plaintiff's FLSA collective action, Romero offers no substantive evidence supporting such claim other than her conclusory allegations that other employees were not paid overtime.

15

alleges received no overtime were in fact paid overtime.  See Sanchez Aff., ¶¶ 10-23; Exs. A-N.

Plaintiff further asserts that all claims are similar because the same legal arguments exist for all putative members, and "significant elements of proof common to all Class Members do not require individualized examination."   Plaintiff's Memo, p. 16.  This is false.  Plaintiff is seeking a collective action for all non-managerial employees, including exempt salespersons, partsmen, mechanics and administrative personnel.  By definition, Plaintiff is asking the Court to treat as similar, employees who had different job functions from Plaintiff and who may be subject to different exemptions. This is palpably improper.  See e.g., *Diaz*, supra 2005 U.S. Dist. Lexis 30382 at * 23 (denying state class action claim where plaintiff asserted all assistant store managers were not paid overtime and court would have to undertake a rigorous analysis as to whether such employees were exempt); *Davis v. Lenox Hill Hospital*, 2004 U.S. Dist. Lexis 17283 * 7 (S.D.N.Y. 2004) (denying state class action claim where Court would have to make an individualized decision as to whether nurses were exempt from overtime rules under professional exemption); *Myers v. The Hertz Corp.*, 2007 U.S. Dist. Lexis 53572 * 16-8 (E.D.N.Y. 2007), *aff'd* 624 F.3d 537 (2d Cir. 2010) (denying collective action on commonality prong where a fact-intensive inquiry would have to be made as to whether potential member's job duties made them exempt from overtime);  *Morisky v. Public Service Electric and Gas Co.*, 111 F. Supp.2d 493, 500 (D.N.J. 2000) (denying collective action on commonality ground where plaintiff failed to demonstrate commonality where there were unique questions of fact as to whether each employee was exempt from overtime requirements based upon each employee's particular job duties); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 667-8 (D. Ka. 2005) (denying class certification where plaintiff failed to demonstrate his job duties were similar to other assistant managers).

16

Accordingly, Plaintiff cannot demonstrate commonality.

C.    Typicality

To satisfy the typicality requirements of Fed. R. Civ. P. 23(a)(3), a plaintiff must demonstrate that other members of the purported class have suffered the same or similar grievances. *Carter v. Newsday*, 76 F.R.D. 9, 14 (E.D.N.Y. 1976).  Plaintiff must do so by asserting something more than conclusory allegations.  See e.g., *Rossini v. Oglivy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1983)  quoting *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562 (8th Cir. 1982), *cert. denied*, 460 U.S. 1083, 103 S. Ct. 1772, 76 L. Ed.2d 345 (1983) ("the 'burden of showing typicality [is] not onerous but requires something more than general conclusory allegations").

Herein, Plaintiff asserts there is typicality because all employees:  (1) worked as non-managerial employees; (2) enjoyed the same statutory rights to overtime and minimum wage, and (3) have all sustained similar types of damages. See Plaintiff's Memo, p. 17.  Yet, as set forth above, Plaintiff's assertion that all non-managerial employees are entitled to overtime is false as many employees, like Plaintiff, are exempt from New York State's and the FLSA's overtime requirements. See e.g., *Baffa v. Donaldson, Lufkin & Janrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000) (finding no typicality exists where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation); *Diaz*, supra, 2005 U.S. Dist. Lexis 30382 * 26-27 (holding individualized nature of plaintiff's claims prevent finding of typicality where claims are not similar to other potential class members); *Myers*, supra, 2007 U.S. Dist. Lexis 53572 at * 18  (denying class certification on typicality grounds where court would have to engage in individual factual analysis to determine proof of liability); *Morisky*, supra, 111 F.

17

Supp.2d at 500 (D. N.J. 2000) (finding no commonality where the representative's factual and legal claims would be atypical of the other class members where the exempt status of the potential class members would require a detailed factual analysis); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 667-8 (D. Ka. 2005) (denying class certification where plaintiff failed to identify one person who had similar claims to plaintiff).   Accordingly, Plaintiff has failed to satisfy her burden in demonstrating typicality.

D. Adequacy of Representation

To demonstrate adequacy the plaintiff must demonstrate that the class representatives "possess the same interest and suffer the same injury as class members." See e.g., *Diaz,* supra, 2005 U.S. Dist. Lexis 30382 at * 27-8.   Herein, as set forth above, Plaintiff has failed to demonstrate that she has suffered similar injuries to other class members since there is a difference in her exemption status compared to other potential plaintiffs.

To establish adequacy, the Second Circuit has stated that "adequacy of representation entails inquiry as to whether:  1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." See *Baffa*, supra, 222 F.3d at 60.   Herein, Defendants have valid concerns as to whether Plaintiff can adequately represent the class.  Courts have routinely held that the class representative must be sufficiently familiar with the case as to exercise independent judgment and control over the attorney, must possess a minimal degree of knowledge regarding the action and must have a general understanding of the nature of a class action.  See e.g., *Scott v. New York City District Counsel of Carpenters Pension Plan*, 224 F.R.D. 353, 355 (S.D.N.Y. 2004) (collecting cases).  Plaintiff has not attempted to make any such showing here.  Additionally, since Plaintiff

18

has asserted a claim for retaliation pursuant to the FLSA, in addition to her state law overtime and minimum wage claims (see Sinha Aff., Ex. 1), it appears Plaintiff is seeking relief different than the putative Plaintiffs, and her claims may be detrimental or even adverse to the other potential class members.   Further, courts are also to consider whether the plaintiff has sufficient financial resources to conduct the litigation.  See, e.g., *National Auto Brokers Corp. v. General Motors Corp.*, 376 F. Supp. 620, 637 (S.D.N.Y. 1974), *aff'd*, 572 F.2d 953 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072, 59 L. Ed.2d 38, 99 S. Ct. 844 (1979).  Once again, Plaintiff has failed to demonstrate any such proof.

Finally, there has been no showing that Plaintiff's counsel has experience handling a Rule 23 class action.  See e.g., *Mechigian v. Art Capital Corp.*, 612 F. Supp. 1421, 1433 (S.D.N.Y. 1985) (denying class certification where counsel failed to set forth any experience as an attorney for a class representative or participation in a class action in any respect).  Accordingly, Plaintiff cannot demonstrate adequacy of representation.

E.    Fed. R. Civ. P. 23(b)(3) Requirements

In addition to setting forth the requirements in Fed. R. Civ. P. 23(a), Plaintiff must demonstrate that one of the grounds set forth in Fed. R. Civ. P. 23(b) is also met.  Plaintiff herein asserts that they can meet the requirements of class certification pursuant to Fed. R. Civ. P. 23(b)(3):  (1) common issues of law and fact predominate over individual claims; and (2) that a class action is superior to another available means of adjudicating the action.  See Plaintiff's Memorandum of Law, pp. 19-23.  Whereas the Plaintiff has not met the burden of satisfying Fed. R. Civ. P. 23(a), the Court need not consider the additional requirements set forth in Fed. R. Civ. P. 23(b).  See e.g., *Trief v. Dunn & Bradstreet Corp.*, 144 F.R.D. 193, 197 (S.D.N.Y. 1992).

19

However, even if Plaintiff had met the requirements of Fed. R. Civ. P. 23(a), Plaintiff has failed to meet the requirements set forth in Fed. R. Civ. P. 23(b)(3).

1.   Plaintiff Cannot Demonstrate that Common Questions of Law and/or Fact Dominate over Individual Claims

Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff must demonstrate that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  See Fed. R. Civ. P. 23(b)(3).  The proper inquiry is thus "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." See *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed.2d 689 (1997).  This is a more stringent burden than demonstrating commonality.  See e.g, *Moore v. Pane Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  A plaintiff must demonstrate that "[r]esolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject to individualized proof."  *Id.*

Plaintiff asserts in her brief that the only issue that would have to be individualized is the question of damages.  Plaintiff's Memo of Law, p. 20.  That is incorrect.  Since Plaintiff's overbroad class includes all non-managerial employees employed by HB, Plaintiff cannot demonstrate that common questions of law and fact predominate, because the potential class members engage in a wide variety of positions and perform a wide variety of job duties.  Courts faced with a potential class that includes many different job titles, which would require a separate legal analysis as well as a separate factual analysis as to whether employees were exempt from the overtime laws, have denied class certification.  Particularly on point is the Second Circuit's

20

decision in *Myers v. The Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010). In *Myers*, supra, 624 F.3d at 548, the Court denied a station manager's request for a class action sought on behalf of all sales managers because the Court would be required to undertake an individual analysis as to whether the plaintiff's actual job duties exempted Plaintiff and the other station managers, and thus there were not common questions of law or fact. Further, the Court held that the mere fact that the employer classified all station managers as non-exempt did not satisfy the predominance inquiry because such designation by itself did not establish that all employees were entitled to overtime. *Id.* at 549. As the Court noted, the question as to the applicability of the exemption to each employee would lead the court to engage in an individualized analysis of each employees duties, and there was no predominant issue of generalized proof that was applicable to all class members. *Id.* at 551. Other courts have reached similar conclusions. See e.g., *Hendricks v. J. P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78, 89 (D. Conn. 2009) (denying class certification where potential class members hold a wide variety of positions and perform a wide variety of job duties and the court would have to resolve factual issues as to whether the employees were exempt from overtime based upon their job duties); *Morisky*, supra, 111 F. Supp.2d at 498-500 (denying class certification of all non-supervisory professional employees where plaintiff failed to differentiate between different types of employees and an individualized analysis would be needed to determine if employees were improperly categorized as exempt from overtime). Herein, Plaintiff's claims of commonality are even weaker than those asserted in *Myers*, because Plaintiff is seeking to assert claims not only on behalf of salespersons (for whom the court would still need to engage in an individualized analysis as to whether the employee was exempt) but also for

employees who had differing positions from Plaintiff. [11]   Accordingly, Plaintiff cannot

demonstrate that common questions of law or fact exist.

>        2.        Plaintiff Cannot Demonstrate Superiority

Pursuant to Fed. R. Civ. P. 23(b)(3) Plaintiff must also demonstrate that "a class action is

superior to other available methods for the fair and efficient adjudication of the controversy."  See

Fed. R. Civ. P. 23(b)(3).  Factors relevant to establishing superiority include:  "(a) the interest of

members of the class in individually controlling the prosecution or defense of separate actions; (b)

the extent and nature of any litigation concerning the controversy already commenced by or

against members of the class; (c) the desirability or undesirability of concentrating the litigation of

the claims in the particular forum; (d) the difficulties likely to be encountered in the management

of the class action."  See Fed. R. Civ. P. 23(b)(3).

Plaintiff asserts superiority exists because the state law claims are similar to the federal

claims, that it would be desirable for the class members to concentrate the matter in one litigation

so as to minimize costs, the potential plaintiffs are low-wage workers with limited resources and

little familiarity with the legal system, there exists a fear of reprisal and intimidation against other

potential class members, and potential plaintiffs may feel intimidated about opting into a

collective action.  See Plaintiff's Memo of Law, pp. 22-3.  Yet, Plaintiff has offered no proof other

----

[11]        In none of the cases cited by Plaintiff did the plaintiffs seek a putative class
including members who performed different jobs than the named plaintiffs or implicate
employees who might be exempt pursuant to the FLSA.  See *Iglesias-Mendoza v. La Belle Farm
Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) (seeking class action for all migrant and seasonal
agricultural workers); *Damahassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008)
(seeking class action for assistant sales managers); *Bolanas v. Norwegian Cruise Lines, Ltd.*, 212
F.R.D. 144 (S.D.N.Y. 2002) (seeking collective action for overtime pursuant to cba for
employees bound by cba); *Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. Lexis 709 (S.D.N.Y.
2005) (seeking class action on behalf of cleaners).

than conclusory assertions that such factors exist.

Further, herein Plaintiff cannot demonstrate superiority because the difference of the potential class members as to the different legal and factual analyses necessary for the potential claims demonstrates that a class action would not be superior.  See e.g., *Hendricks,* supra, 263 F.R.D. at 90 (denying class certification on superiority grounds where plaintiff cannot demonstrate all potential class members are similar, and therefore managing the class would be difficult).[12]  Accordingly, Plaintiff's motion for Rule 23 class certification should be denied.

## POINT IV

### PLAINTIFF'S CLAIM FOR LIQUIDATED DAMAGES
### PURSUANT TO NEW YORK STATE LAW MUST BE DISMISSED

By asserting a collective action claim pursuant to the New York Labor Law, Plaintiff has waived her claim for liquidated damages pursuant to the New York Labor Law.  The New York Labor Law does not authorize class actions to recover a penalty such as liquidated damages unless such claims have been waived.  See NY CPLR § 901(b); *Myers*, supra, 2007 U.S. Dist. Lexis 53572 * 20-1 (E.D.N.Y. 2007) (noting party must waive liquidated damages pursuant to state law to maintain a collective action pursuant to state law); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373-4 (S.D.N.Y. 2007) (holding to assert state law class action for unpaid overtime, plaintiff must waive right to liquidated damages).  Plaintiff herein has not done so.

---

[12]     As a final matter, for the reasons set forth in Point IV, *infra*, Plaintiff's collective matter is not superior because the Plaintiff and prospective plaintiffs would be required to waive their liquidated damage claims since New York law prohibits a class action based upon a statute "creating or imposing a penalty or minimum measure of recovery unless the statute also provides recovery for a class action."  See *Myers*, supra, 2007 U.S. Dist. Lexis 53572 *20-1 (E.D.N.Y. 2007) quoting NY CPLR § 901(b).  Although Plaintiff and prospective class members may waive those claims, it necessitates against a finding of superiority.  *Id.*

Although it is unclear whether Plaintiff is bringing a claim for liquidated damages (Plaintiff's complaint seeks "special damages," "exemplary damages," and "punitive damages," see Plaintiff's Complaint, p. 12-13), to the extent Plaintiff is seeking liquidated damages, Defendants seek an order dismissing Plaintiff's claim for liquidated damages pursuant to state law.[13]

**CONCLUSION**

Pursuant to the reasons stated herein, Plaintiff's motion for conditional class certification should be denied and/or modified. Further, Plaintiff's claims for unpaid overtime in her position as a salesperson as well as her claims for liquidated damages pursuant to state law should be dismissed.

Dated: Garden City, New York
December 2, 2011

FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys for Defendants*

/s_____
By:     Joshua A. Marcus, Esq. (JM 4250)
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131

---

[13]     Plaintiff's motion also seeks to have Defendants provide last known addresses and names of potential class members and to post a notice of pendency at the employer's work site. See Plaintiff's Memo of Law, pp. 22-3. To the extent Plaintiff's motion is granted, Defendants would not object to such application. However, Plaintiff's motion fails to set forth a proper notice which is typically submitted upon such an application. Defendants would request that to the extent Plaintiff's motion is granted, it be permitted to review Plaintiff's proposed notice and Defendants be permitted to submit opposition (if needed) to the proposed notice. Finally, Plaintiff's request for social security numbers of proposed employees is grossly overbroad, especially considering there has been no showing that service of notice cannot be effectuated. See e.g., *Gorey v. Manheim Servs. Corp.*, 2010 U.S. Dist. Lexis 141868 * 19 (S.D.N.Y. 2010); *Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. Lexis 73853 * 21 (S.D.N.Y. 2007).

To:   **THE LAW OFFICES OF BORRELLI ASSOCIATES, PLLC**
      Michael J. Borrelli, Esq.  (MB 8533)
      One Old Country Road, Suite 347
      Garden City, New York 11530
      (516) 248-5550

      **VALI KANE & VAGNINI, LLP**
      James A. Vagnini, Esq. (JV 2163)
      600 Old Country Road, Suite 519
      Garden City, New York 11530
      (516) 203-7180
      *Attorneys for Plaintiff*